# CIRCUIT COURT OF BALTIMORE CITY.

Filed June 22, 1910.

EX PARTE IN THE MATTER OF THE ESTATE OF JULIAN JENKINS AND OTHERS.

*Edward H. Burke* for Safe Deposit and Trust Company.

*Wm. C. Smith* for Julian Jenkins' estate.

*D. E. Monroe* for Davidson, assignee.

*Walter D. Eiseman* and *Wm. P. Whyte, Jr.,* for Alphonsus Jenkins.

NILES, J.—

The clause of the will before us, which is now in question, has already been construed by this Court (See Decree of Judge Dobler, passed with the consent of all parties in interest April 29, 1903).

As I understand it, this decree practically decides that to each of the four children of Kate Jenkins there was left by the will of Henry McShane an equitable estate for life in one-fourth of two-twenty-first of the proceeds of the "rest and residue" of the estate of Henry McShane, with a legal estate in remainder, to their children of descendants, if any survived, or if not, then to their brothers and sister, this legal estate in remainder to be conveyed to the parties entitled, by the trustee.

It is true that this consent decree was passed by Judge Dobler in reference to the interest of Henry Jenkins, who does not appear to have married, and it is also true that the father of Henry Jenkins filed a release of all his rights under the will to any share which he might have in the share of Henry.

But it seems to me that the theory of the decree would have been right had there been a widow or had there been a contest made on the part of the father.

The rule in Shelley's case does not apply, for the estate given to the children of Kate Jenkins during their life is an equitable one, and the estate which the trustee is directed to convey to the remaindermen is a legal one.

The interests are not, therefore, of the same quality.

Ware vs. Richardson, 3 Md., 544.

Cook vs. Councilman, 109 Md., 639.

The cases cited in argument are clear that an estate in personalty, given to one person for life with remainder (the quality of interest being the same) to his heirs, or the heirs of his body, is governed by the rule in Shelley's case, (at least by analogy), and the word "heirs" becomes a work of limitation, merely indicating the quality of the estate.

But where, as in this case, the rule in Shelley's case does not apply by reason of the interests being different in quality the word heirs must be taken to mean those persons who would inherit from the life-tenant such real estate as he might acquire by devise or other form of purchase.

See Gordon vs. Small, 53 Md., 550, 561.

The trustee will, therefore, be directed to convey to the surviving children of Kate Jenkins in equal proportions the share of Julian Jenkins in this trust estate, and the papers will be referred to the auditor for the purpose of having an account stated.

The auditor will allow to the assignees, subject to exception, such shares of any parties entitled under this opinion as may have been by them assigned and the assignment filed in this case, but the auditor will not treat a mere promise to pay money as such assignment.